Koorosh K. Shahrokh, Esq. (Bar No. 224335)
**NATIONAL CHOICE LAWYERS**
19727 Ventura Blvd., Suite B
Woodland Hills, California 91346
Telephone: (818)-996-7301
Facsimile: (818)-996-7302
Mr.K@nationalchoicelawyers.com

Attorney for Mathew and Aiden Roman

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
_____ **WESTERN DIVISION** _____

| | |
|---|---|
| M.R. by and through his Guardian Ad Litem AMANDA ATKINS; and A.R.by and through his Guardian Ad Litem AMANDA ATKINS, <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES OF AMERICA, DOES 1 to 100, inclusive, <br><br> Defendants. | Case No.:      2:26-cv-2782 <br><br><br> **COMPLAINT FOR DAMAGES (WRONGFUL DEATH – FEDERAL TORT CLAIMS ACT)** |

**INTRODUCTION**

1. This is a civil action that seeks monetary damages against Defendant United States of America through the U.S. Department of Health & Human Services for acts of negligence against Plaintiffs committed by employees of Defendant U.S. Department of Health & Human Services. It is a medical negligence and wrongful death action brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–2680, arising from the preventable death of Adan Roman on June 12, 2024.

1

2. Mr. Roman suffered from severe obstructive sleep apnea ("OSA"). After undergoing a sleep study in March 2024, a treating specialist determined that Mr. Roman required a CPAP machine with titrated pressure of approximately 19 cm $H_2O$.

3. The sleep study results and treatment recommendations were transmitted to Mr. Roman's primary care providers at JWCH Institute/Wesley Health Centers, including Dr. Linda Arous and Physician Assistant Kathleen Tyndall.

4. Despite receiving the sleep study results, Defendants failed to take any action to ensure that Mr. Roman received the medically necessary CPAP machine.

5. Over the next several months Mr. Roman repeatedly complained of severe symptoms including daytime somnolence and inability to stay awake.

6. On June 7, 2024, his treating provider recognized the danger and documented that Mr. Roman urgently needed CPAP treatment "so that he doesn't DROP dead from sleep apnea."

7. Five days later, on June 12, 2024, Mr. Roman died in his sleep.

8. Had Defendants timely ordered and provided the CPAP machine recommended by the sleep specialist, Mr. Roman's airway obstruction would have been effectively treated and he would not have died.

**JURISDICTION AND VENUE**

9. This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680.

10. The Court has jurisdiction under 28 U.S.C. § 1346(b).

11. At all relevant times, JWCH Institute/Wesley Health Centers and its medical providers were deemed employees of the United States Public Health Service pursuant to 42 U.S.C. § 233(g)–(n).

12. Accordingly, the United States of America is the proper Defendant for claims arising from their negligent acts or omissions.

13. Defendant UNITED STATES OF AMERICA through the Department of Health & Human Services, ("Defendant United States of America") is a federal government entity, form unknown that governs or controls the U.S. Department of health & Human Services.

14. Plaintiffs have satisfied the administrative claim requirements of the FTCA.

2

**COMPLAINT FOR DAMAGES**

*Roman, et al v. United States of America*                    *Case No.: 2:26-cv-2782*

15. Specifically, Plaintiffs submitted Standard Form 95 administrative claims to the United States Department of Health and Human Services in August 2025, alleging wrongful death and seeking damages in a sum certain.

16. More than six months have passed since submission of the administrative claims without final resolution.

17. Venue is proper in the Central District of California under 28 U.S.C. § 1402(b) because the acts and omissions giving rise to this action occurred in this District and the decedent resided here.

18. Plaintiff alleges negligence in the performance of medical treatment.

## PARTIES

19. Adan Roman was a resident of Los Angeles County, California, and died on June 12, 2024.

20. Plaintiffs M.R. and A.R. are the minor children of Adan Roman.

21. Plaintiffs bring this action through their Guardian Ad Litem, Amanda Atkins.

22. Defendant United States of America is liable for the negligent acts and omissions of its employees acting within the course and scope of their federal employment.

## FACTUAL ALLEGATIONS

**Initial Treatment**

21. On November 16, 2023, Adan Roman presented to JWCH Institute/Wesley Health Centers for primary care treatment.

22. He was evaluated by Kathleen Tyndall, P.A.

23. Mr. Roman reported a history of sleep apnea and that his CPAP machine was no longer functioning.

24. Ms. Tyndall suspected obstructive sleep apnea and recommended evaluation and treatment.

25. Dr. Linda Arous, Associate Medical Director for JWCH, ordered a sleep study.

**Sleep Study and Diagnosis**

26. On January 24, 2024, Mr. Roman's insurance approved a referral to Salman Raza Khan, M.D. at Sleep and Children's Pulmonary Center.

27. On March 6, 2024, Mr. Roman underwent a split-night sleep study.

28. The study confirmed obstructive sleep apnea.

3

**COMPLAINT FOR DAMAGES**

*Roman, et al v. United States of America*                              *Case No.: 2:26-cv-2782*

29. During the therapeutic portion of the study, Dr. Khan determined that CPAP pressures between 12–20 cm $H_2O$ eliminated airway obstruction.

30. Dr. Khan recommended a CPAP machine set at 19 cm $H_2O$.

31. Dr. Khan instructed that Mr. Roman should "start using the CPAP device upon delivery for optimal treatment."

32. The sleep study results and recommendations were faxed to Dr. Arous and JWCH on March 7, 2024.

**Failure to Act**

33. Despite receiving these results, no one at JWCH:

    a.   ordered the CPAP machine,

    b.   followed up on the study results, or

    c.   ensured that Mr. Roman received treatment.

34. On May 7, 2024, Mr. Roman returned to JWCH.

35. He was informed that the clinic had not yet received the sleep study results.

36. On June 7, 2024, Mr. Roman again presented to JWCH complaining that he was falling asleep during the day and struggling to function.

37. Ms. Tyndall documented the urgency of his condition and the need for immediate CPAP treatment.

38. Her chart note stated in part that Mr. Roman:

    a.   was "VERY PICKWICKIAN and falling asleep at all times during the day" and

    b.   needed CPAP treatment "so that he doesn't DROP dead from sleep apnea."

39. Despite recognizing this danger, Defendants still failed to obtain the sleep study results or provide the CPAP machine.

**Death**

40. On June 12, 2024, Mr. Roman died in his sleep at home.

41. Mr. Roman had gone 98 days without the CPAP machine that had been prescribed to treat his sleep apnea.

4

**COMPLAINT FOR DAMAGES**

*Roman, et al v. United States of America*                                      *Case No.: 2:26-cv-2782*

42. The sleep study demonstrated that proper CPAP treatment eliminated Mr. Roman's airway obstruction and reduced his apnea-hypopnea index to 0.4 events per hour, which is within normal limits.

43. Had Defendants timely provided the CPAP machine, Mr. Roman would not have died.

## FIRST CAUSE OF ACTION

## NEGLIGENCE / WRONGFUL DEATH

(FTCA – United States)

44. Plaintiffs incorporate all preceding paragraphs.

45. At all relevant times, the healthcare providers at JWCH owed Mr. Roman a duty to exercise the level of skill, knowledge, and care ordinarily possessed by reasonably careful medical providers under similar circumstances.

46. Defendants breached this duty by, among other things:

a. Failing to review and act upon the sleep study results sent to JWCH;

b. Failing to order the recommended CPAP machine;

c. Failing to follow up on critical diagnostic results;

d. Failing to timely treat severe obstructive sleep apnea;

e. Failing to implement systems to ensure abnormal test results were acted upon.

47. These failures constituted negligence under applicable medical standards of care.

48. As a direct and proximate result of Defendants' negligence, Adan Roman died on June 12, 2024.

49. Plaintiffs, as the surviving minor children of the decedent, suffered damages including loss of financial support, and loss of love, companionship, comfort, care, assistance, protection, affection, society, and moral support.

## DAMAGES

50. Plaintiffs have suffered damages in amounts according to proof at trial.

51. Plaintiffs seek all damages permitted under the Federal Tort Claims Act and California wrongful death law, including but not limited to:

a.   loss of support;

**COMPLAINT FOR DAMAGES**

*Roman, et al v. United States of America*                                    *Case No.: 2:26-cv-2782*

b.  loss of companionship and guidance; and

c.  funeral and burial expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendant United States of America as follows:

1.  For general damages according to proof at trial, not to exceed MICRA limits imposed in California, which at this time, are $600,000.00;

2.  For special damages according to proof at trial;

3.  For costs of suit; and

4.  For such other relief as the Court deems just and proper.

Respectfully submitted,                    **Plaintiffs Mathew and Aiden Roman**
                                           By their Attorney,

DATED: March 16, 2026                      _____

                                           **Koorosh K. Shahrokh, Esq.**
                                           **NATIONAL CHOICE LAWYERS**

6

**COMPLAINT FOR DAMAGES**

*Roman, et al v. United States of America*                    *Case No.: 2:26-cv-2782*